**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

McNAMEE, LOCHNER, TITUS &
WILLIAMS, P.C.,

                          Plaintiff,                  No. 13-MC-27
                                                                     (GLS/CFH)

    v.

CAROLYN MAYORGA, on behalf of herself
and all others similarly situated,

                          Defendant,[1]

---

**APPEARANCES:**                                    **OF COUNSEL:**

O'CONOR, O'CONOR, BRESEE & FIRST, P.C.    DIANE C. BRESEE, ESQ.
20 Corporate Woods Boulevard
Albany, New York 12211
Attorneys for Plaintiff

OFFICE OF BRIAN L. BROMBERG             BRIAN L. BROMBERG, ESQ.
40 Exchange Place, Suite 2010
New York, New York 10005
One of the Attorneys for Defendant

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER**[2]

---

   [1] The current docket indicates the parties and counsel for <u>Mayorga v. First Resolution Inv. Corp.</u>, No. 12-CV-587, (E.D.N.Y. 2012). However, this case is a civil miscellaneous matter brought by McNamee, Lochner, Titus & Williams, P.C., who is not a party in the <u>Mayorga v. First Resolution Inv. Corp.</u> action, against Mayorga. As such, the Clerk's Office is directed to make necessary changes to reflect the correct parties and counsel.

   [2] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c). "A motion to quash a subpoena in an action seeking relief other than production of the subpoenaed information is not normally a dispositive motion." <u>Arista Records, LLC v. Doe 3</u>, 604 F.3d 110, 116 (2d Cir. 2010). This present case presents a single-issue matter that will terminate upon

Plaintiff McNamee, Lochner, Titus & Williams, P.C. ("MLTW") is a law firm with offices in the City and County of Albany, New York and in Clifton Park, New York. MLTW Mem. of Law (Dkt. No. 1-5) at 2; Pastore Aff. #1 (Dkt. No. 1-2) ¶ 3; Bresee Aff. (Dkt. No. 1-1) ¶ 3. Pending before the Court is MLTW's motion to quash a document subpoena that defendant Caroline Mayorga ("Mayorga") served on it pursuant to Fed. R. Civ. P. 45, along with a request for the entry of a protective order. Dkt. No. 1. Although termed a "plaintiff" in this case, MLTW is a non-party law firm located in the Northern District of New York and the subject of discovery proceedings in a case before the Honorable Dora L. Irizarry, with the assignment of Magistrate Judge Viktor V. Pohorelsky, in the United States District Court for the Eastern District of New York. See Mayorga v. First Resolution Inv. Corp., No. 12-CV-587, (E.D.N.Y. 2012) ("Mayorga Action"). For the following reasons, it is recommended that MLTW's motion be granted and Mayorga be granted leave to renew the subpoena if class certification occurs in the Mayorga Action.

## I. Background

The present case developed from the Mayorga Action in which Mayorga accuses First Resolution Investment Corporation ("FRIC") and other defendants of improperly and systematically litigating a time-barred debt collection lawsuit in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692, et seq., and New York General

---

resolution of the non-dispositive motion to quash. Out of caution, the Court issues a Report-Recommendation to ensure that the parties have one more chance to be heard before the case terminates. Cf. In re Rule 45 Subpoena Issued to Cablevision Sys. Corp. Regarding IP Address 69.120.35.31, No. MISC 08-347 (ARR)(MDG), 2010 WL 2219343, at *1 n.1 (E.D.N.Y. Feb. 5, 2010) (taking the same approach). All unpublished opinions cited to by the Court in this Report-Recommendation are, unless otherwise noted, attached to this Recommendation.

2

Business Law (NYGBL) § 349, et seq. Mayorga Action - Compl. (Dkt. No. 1). Mayorga alleged that FRIC brought suit against her with the knowledge that its claim was time-barred. Id. ¶ 16. Eventually, FRIC agreed to a stipulation of discontinuance. Id. ¶ 23. The docket for the Mayorga Action indicates that there were several motions to compel filed (see, e.g. Mayorga Action, Dkt. Nos. 17–18, 22, 26, 39, 40, 42–43, 72), a pending amended complaint (Mayorga Action, Dkt. No. 61), and pending motions to dismiss filed on behalf of all defendants (Mayorga Action, Dkt. Nos. 59, 79). Additionally, a non-party law firm has a pending motion to quash a subpoena served upon it by Mayorga.[3] Mayorga Action, Dkt. No. 80.

The present motion to quash resulted from Mayorga's attempt to certify a class of other debtors who were allegedly sued or pursued for time-barred debt collection by FRIC in the Mayorga Action. Before serving the complaint filed in the Mayorga Action, Mayorga filed a motion for class certification. Mayorga Action, Dkt. No. 4. Mayorga explained that

> [d]ue to a recent Seventh Circuit decision holding that a putative class action may be mooted by a defendant's offer, before any motion for class certification, of plaintiff's full request for relief, Plaintiff is compelled to file this Motion for Class Certification at the outset of the filing of this lawsuit and before serving the summons and complaint. This filing is necessary to preserve the rights of Plaintiff and of the proposed classes.

Mayorga Action, Dkt. No. 4-1 at 1–2. Judge Irizarry struck the motion for class certification, reasoning in part,

> The court finds plaintiff's reasons set forth . . . for filing this motion to certify the class and, at the same time for a stay, absurd. Plaintiff concedes that plaintiff has not served

---

[3] A similar motion to quash was filed by another non-party law firm in the Western District of New York. Dubin & Dubin LLP v. Mayorga, No. 13-MC-21 (WMS) (HBS); see Report-Recommendation (Dkt. No. 7-1).

3

> defendants and that defendants have not entered the case. To begin with, the motion is exceptionally premature under those circumstances. Secondly, it is unconscionable for plaintiff to make a motion for class certification simply to avoid plaintiff's recovery from defendant. The court takes a dim view of this practice.

Mayorga Action, Text Order dated 2/21/2012.

While no class certification motion is pending or has been granted, Mayorga commenced to serve subpoenas on law firms that FRIC hired to sue debtors on its behalf. See, e.g., Mayorga Action, Dkt. No. 80. Mayorga served such a subpoena on MLTW. Dkt. No. 1-3 at 2–6. The subpoena sets a time period of February 7, 2009 to the present, requesting six categories of documents that MLTW may have sent "to any person other than FRIC." Id. at 6. MLTW identifies 201 collection cases that falls within the subpoena. Pastore Aff. #1 ¶ 4. The categories are documents filed with any court, sent to or received from the putative debtor, sent to or received from a marshal, reflecting an attempt to collect from putative debtors, reflecting any communication with the putative debtor or any other person, except for communications made solely to FRIC, and any information subpoenas, restraining notices, garnishments, or documents sent to the bank or employer of any putative debtor. Dkt. No. 1-3 at 6.

MLTW filed the present motion in response to Mayorga's subpoena. Dkt. No. 1. MLTW argues that the subpoena: (1) requests documents that are not relevant to the Mayorga Action and will not lead to admissible evidence; (2) imposes an extraordinary burden upon MLTW; and (3) requires the disclosure of privileged information about consumer debtors in violation of the FDCPA. MLTW Mem. of Law at 3–7; Bresee Aff. ¶ 6. MLTW also notes that on April 18, 2013, the court in the Mayorga Action granted parties additional time to submit briefs regarding the effect of a recent Supreme Court case, Genesis Healthcare

4

Corp. v. Symczyk, 569 U.S. ___, 133 S. Ct. 1523 (2013), on defendants' motions to dismiss plaintiff's complaint as moot. Bresee Aff. ¶ 14; Mayorga Action, Notice dated 4/18/2013. In light of this development, MLTW requests that the subpoena be quashed and a protective order granted pursuant to Rule 26(c) until such time as those motions have been decided. MLTW Mem. of Law at 8; Bresee Aff. ¶ 14.

Mayora opposes the motion. Mayorga Resp. (Dkt. No. 3). Mayora first argues that her subpoena is narrowly tailored because it only seeks litigation documents in order to meet the requirements of class certification and identify who falls within the putative class. Id. at 4–6. Second, Mayorga argues that although "special weight should be given to the burden on non-parties of producing documents to parties involved in litigation," the subpoena is not unduly burdensome because both the narrowness of the subpoena and the lack of other available channel to obtaining such documents mitigate the burden upon MLTW. Id. at 6–7 (quoting Corbett v. eHome Credit Corp., No. 10-CV-26 (JG)(RLM), 2010 WL 3023870, at *3 (E.D.N.Y. Aug. 2, 2010)). Further, Mayorga argues that because MLTW presents itself as a large law firm, its burden argument is "spurious." Id. at 7. Moreover, because Mayorga received documents from another subpoena it served on a two-attorney law firm, Mayorga argues MLTW must be able to produce the same without being unduly burdened. Id. at 7–8. Third, Mayora argues that the subpoena does not implicate the FDCPA and in any event, MLTW may disclose the documents sought after pursuant to a court order. Id. at 8–9. Fourth, Mayora opposes MLTW's request for a protective order as MLTW has not presented the court with reasons for such an order other than that compliance would cause it harm. Id. at 9–10. Mayora elaborates that the subpoena does not seek privileged information, the New York Rule of Professional Conduct Rule 1.6 permits the disclosure of

5

confidential information upon a court order, the documents sought are unprotected by attorney-client privilege, and MLTW does not specify what kind of protective order it seeks. Id. at 9–12.

MLTW responds to Mayora's arguments with four points. MLTW Reply (Dkt. No. 4). First, federal case law directs that discovery of class members' identities at the pre-certification stage is ordinarily denied. Id. at 3 (citing Dziennik v. Sealift, Inc., No. 05-CV-4659 (DLI)(MDG), 2006 WL 1455464, at *1 (E.D.N.Y. May 23, 2006)). Second, MLTW argues that Mayora may obtain the information sought through its motions to compel discovery from defendants in the Mayorga Action as well as Internet-based search engines. Id. at 4. Further, because no certification has yet been granted, and Mayora does not make any allegations in the Mayorga Action against MLTW, the information sought are not relevant to the Mayorga Action. Id. at 5. Third, Mayora's claim with respect to MLTW's ability to produce the information sought is unfounded and unsupported. Id. at 6. And lastly, MLTW's concerns with privacy, privilege, and professional conduct are legitimate as FRIC has requested MLTW to not disclose the information sought. Id. at 7; Pastore Aff. #2 (Dkt. No. 5) ¶ 3. Further, a court order has yet to be issued permitting the disclosure of confidential information and Mayora's subpoena is overbroad. Id. at 7.

## II. Motion to Quash

"[M]otions to quash a subpoena are . . . 'entrusted to the sound discretion of the district court.'" In re Fitch, Inc., 330 F.3d 104, 108 (2d Cir. 2003) (citation omitted). Federal Rule of Civil Procedure 45 provides, "[o]n timely motion, the issuing court must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply . . . (iii) requires disclosure of

6

privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." FED. R. CIV. P. 45(c)(3)(A). "[T]he party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings. Once the party issuing the subpoena has demonstrated the relevance of the requested documents, the party seeking to quash the subpoena bears the burden of demonstrating that the subpoena is overbroad, duplicative, or unduly burdensome." Libaire v. Kaplan, 760 F. Supp. 2d 288, 291 (E.D.N.Y. 2011) (internal quotation marks, editorial remarks, and citations omitted). To invoke attorney-client privilege, "the communication from attorney to client must be made for the purpose of facilitating the rendition of legal advice or services, in the course of a professional relationship. The communication itself must be primarily or predominantly of a legal character." Allied Irish Banks, P.L.C. v. Bank of Am., N.A., 252 F.R.D. 163, 168 (S.D.N.Y. 2008) (internal quotation marks and citations omitted).

Both parties have raised a number of issues but the issue of acquiring names and contact information prior to class certification requires primary consideration. Mayora cites a California case, CashCall v. Superior Court, 71 Cal. Rptr. 3d 441 (Cal. Ct. App. 2008), where the court identifies and balances any potential abuse and the rights of the parties under the circumstances in determining a motion to compel pre-certification disclosure of potential class members. Mayora essentially contends that her subpoena is a proper discovery tool used in preparation for her class certification motion. However, the Supreme Court has reasoned,

> [t]he difficulty is that [Mayorga does] not seek this information for any bearing that it might have on issues in this case. . . . [Mayorga] argued to the District Court that [she] desired this information to enable [her] to send the class notice, and not for

7

> any other purpose. Taking [her] at [her] word, it would appear
> that [Mayorga's] request is not within the scope of Rule 26(b)(1).

Oppenheimer Fund v. Sanders, 437 U.S. 340, 352–53 (1978) (citation omitted); see also Drossin v. Nat'l Action Fin. Servs., Inc., No. 07-61873-CIV, 2008 WL 53815, at *3 (S.D. Fla. Dec. 19, 2008) ("While discovery regarding information necessary to address class certification requirements under Rule 23 . . . falls within the realm of permissible discovery, the Supreme Court has rejected pre-class certification discovery of identifying information of potential class members when such information is sought merely for the purpose of identifying such individuals for notice of a class action . . . .") (citing Oppenheimer, 437 U.S. at 351–53) (internal quotation marks and citations omitted); Bird Hotel Corp. v. Super 8 Motels, Inc., No. CIV-06-4073, 2007 WL 404703, at *3–4 (D.S.D. Feb. 1, 2007) ("The name . . . [and contact information] for each franchisee . . . is not . . . necessary to . . . decide certification of the class. No cases have been supplied which support pre-certification discovery of . . . [such] information for potential class members. On the other hand after certification . . . this category of information is discoverable [for notifying class members].") (citing Oppenheimer, 437 U.S. at 98); Dziennik, 2006 WL 1455464, at *1 ("Courts have ordinarily refused to allow discovery of class members' identities as the pre-certification stage out of concern that plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification." (collecting cases)). The Supreme Court in Oppenheimer set the parameters for permissible notice under Fed. R. Civ. P. 23(d) because class certification was already granted and the remaining issue was the manner in which to notify potential class members. Oppenheimer, 437 U.S. at 342.

The Mayorga Action is distinguished from Oppenheimer. First, Mayorga has not

8

received class certification there is no pending class certification motion. "Class certification discovery often will commence after the filing of a motion for class certification, which usually will include one or more affidavits submitted by the putative representatives to demonstrate their ability to adequately represent the interests of absent class members." 1 MCLAUGHLIN ON CLASS ACTIONS § 3:7 (9th ed. and Supp. 2012). Second, this Court should wait for the resolution of the pending motions in the Mayorga Action for if the motions to dismiss were to be granted, the subpoenas will be moot. Further, the outcome of the motion to quash in the Mayorga Action (Dkt. No. 80) will indubitably provide guidance as to how Judge Irizarry and Magistrate Judge Pohorelsky prefer to conduct discovery in the Mayorga Action and establish the putative class if class certification occurs. If the Mayorga Action survives the pending motions to dismiss and receives class certification, Mayorga should be granted leave to renew her subpoena for MLTW. Lastly, given the procedural posture of the Mayorga Action and the holding of Oppenheimer and, it would be unnecessary to address the parties' remaining contentions.

Accordingly, MLTW's motion to quash Mayorga's subpoena should be granted.

### III. Protective Order

Pursuant to Federal Rule of Civil Procedure 26(c), MLTW moved for a protective order staying discovery in this matter pending the resolution of their motion to dismiss. Defs.' Mem. of Law at 16–17. Rule 26(c)(1) provides, in relevant part, that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery.

9

FED. R. CIV. P. 26(c)(1). Good cause can be shown where, upon the filing of a dispositive motion, the stay is for a modest period of time and not prejudice the opposing party. Spencer Trask Software and Information Servs., LLC v. Rpost Int'l Ltd., 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (citation omitted). When considering the issuance of a protective order, a Court may consider "the breadth of discovery sought and the burden of responding to it" as well as "the strength of the dispositive motion that is the basis of the discovery stay application. Id. (citations omitted). "This rule is often invoked to avoid potentially expensive and wasteful discovery during the pendency of a determination which could potentially reshape pending claims." Dabney v. Maddock, No. 10-CV-0519 (GTS)(DEP), 2011 WL 7479164, at *11 (N.D.N.Y. Nov. 29, 2011) (collecting cases).

In this case, as discussed supra, until the pending motions are decided in the Mayorga Action, permitting discovery to go forward would serve no purpose. This is particularly true in light of the fact that this report recommends granting MLTW's motion to quash Mayorga's subpoena and granting Mayorga leave to renew the subpoena when she receives class certification. Further, despite Mayorga's opposition, to engage in discovery before the resolution of the motions to dismiss, the proposed amended complaint, and the additional briefing regarding Genesis Healthcare Corp. v. Symczyk would result in potentially expensive and wasteful discovery. Dabney, 2011 WL 7479164, at *11. Mayorga may move the Court to lift the protective order should circumstances warrant.

Accordingly, MLTW's motion for a protective order should be granted.

### IV. Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that MLTW's motion to

quash Mayorga's document subpoena and seeking a protective order (Dkt. No. 1) be **GRANTED** and Mayorga be granted leave to serve a new subpoena on MLTW if class certification occurs in the Mayorga Action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: July 17, 2013
Albany, New York

*/s/ Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge